# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

| | | |
|---|---|---|
| **THE UNITED STATES OF AMERICA, STATE OF TEXAS,** *ex rel, PAULINE MOTTS,* | § § § § § | |
| *Plaintiffs,* | § § | |
| **v.** | § § | **CIVIL ACTION NO. 3:18-cv-00348-FM** |
| **EAST EL PASO PHYSICIAN'S MEDICAL CENTER, LLC, D/B/A/ FOUNDATION SURGICAL HOSPITAL OF EL PASO, DON BURRIS, VOX INTUS, LLC, DESERT IMAGING SERVICES, L.P., IN TANDEM SOLUTIONS GROUP, LLC, PRINCIPLE HS MANAGEMENT LLC D/B/A PRINCIPLE HEALTH SYSTEMS, AMERICAN INSTITUTE OF TOXICOLOGY, INC., CONCORD LIFE SCIENCES, LLC, AND NORTH CENTRAL FLORIDA NEURODIAGNOSTIC SERVICES, LLC,** | § § § § § § § § § § § § § § § § § § | |
| *Defendants.* | § § | |

---

## DEFENDANT EAST EL PASO PHYSICIAN'S MEDICAL CENTER, LLC D/B/A FOUNDATION SURGICAL HOSPITAL OF EL PASO'S ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES

---

Pursuant to Federal Rules of Civil Procedure 8, 10, 11, and 12, Defendant East El Paso Physician's Medical Center, LLC d/b/a Foundation Surgical Hospital of El Paso ("Defendant"), files this Original Answer and Affirmative Defenses to the United States' Complaint in Intervention (the "Complaint") (Doc. 21) filed by Plaintiff the United States of America ("Plaintiff" or "United States"), and respectfully states the following:

## INTRODUCTION

1.      Defendant states that Plaintiff purports to allege the causes action identified in paragraph 1 of the Complaint and denies the allegations.

2.      Defendant admits the allegations in the first sentence of Paragraph 2 but denies that it does business as Foundation Surgical Hospital of El Paso.  Defendant admits that it has partial physician ownership and provides emergency services.  Defendant admits that it advertises that it provides inpatient and outpatient services and other types of care.  Defendant admits the allegations in the last sentence of Paragraph 2.

3.      Defendant admits that Candelaria was the CEO of Desert Imaging but denies knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 3.

4.      Defendant denies the allegations in Paragraph 4 of the Complaint.

5.      Defendant admits prior management of the hospital entered into an agreement with Desert Imaging and further states that the terms of the agreement speak for themselves.

6.      Defendant states that the terms of the agreement speak for themselves and Defendant further denies knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 6, as it relates to conduct that purportedly occurred prior to the current owner of the hospital's involvement with and acquisition of the hospital.

7.      Defendant states the allegations in Paragraph 7 of the Complaint contain legal conclusions to which no response is required.

8.      Defendant denies knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 8, as it relates to conduct that purportedly occurred prior to the current owner of the hospital's involvement with and acquisition of the hospital.

DM1\12738241.1

9.      Defendant further denies knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 9, as it relates to conduct that purportedly occurred prior to the current owner of the hospital's involvement with and acquisition of the hospital.

10.      Defendant denies knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 10, as it relates to conduct that purportedly occurred prior to the current owner of the hospital's involvement with and acquisition of the hospital.

11.      Defendant further denies knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 11, as it relates to conduct that purportedly occurred prior to the current owner of the hospital's involvement with and acquisition of the hospital.

12.      Defendant states the first sentence of Paragraph 12 is a legal conclusion to which no response is required.  Defendant further denies knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 12, as it relates to conduct that purportedly occurred prior to the current owner of the hospital's involvement with and acquisition of the hospital.

13.      Defendant states that the terms of the agreement speak for themselves and refers to the agreement for its terms and conditions.  Defendant further denies knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 13, as it relates to conduct that purportedly occurred prior to the current owner of the hospital's involvement with and acquisition of the hospital.

14.      Defendant denies knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 14, as it relates to conduct that purportedly occurred prior to the current owner of the hospital's involvement with and acquisition of the hospital.

DM1\12738241.1

## JURISDICTION AND VENUE

15.     The allegations contained in Paragraph 15 of the Complaint relate to legal questions to which no response is required at this time.

16.     The allegations contained in Paragraph 16 of the Complaint relate to legal questions to which no response is required at this time.

17.     The allegations contained in Paragraph 17 of the Complaint relate to legal questions to which no response is required at this time.

18.     The allegations contained in Paragraph 18 of the Complaint relate to legal questions to which no response is required at this time.

## PARTIES

19.     Defendant admits that the United States generally operates various government sponsored health care programs; however, the allegations contained in the first three sentences of Paragraph 19 of the Complaint relate to specific legal questions to which no response is required at this time. Defendant states that it appears that Relator Pauline Motts filed the initial version of this case and that the United States appears to have elected to partially intervene in the case; otherwise, the remaining allegations contained in Paragraph 19 of the Complaint represent legal conclusions to which no responsive pleading is required.

20.     Defendant denies having knowledge or information sufficient to admit or deny the allegations in the first sentence of Paragraph 20 of the Complaint. As to the second sentence, Defendant admits that Relator Motts is a former employee of Defendant and worked there before the involvement or acquisition of the hospital by current ownership.

21.     As to the first sentence of Paragraph 21, Defendant admits that it health care facility with partial physician ownership that provides emergency services. Defendant admits the allegations in the second sentence of Paragraph 21. Defendant is without sufficient information to

form a belief as to the truth of the allegations in the third sentence of Paragraph 21 of the Complaint, as such allegations relate to conduct prior to the involvement with and acquisition of the hospital by current ownership. The remaining allegations contained in the fourth sentence of Paragraph 21 of the Complaint represent legal conclusions to which no response is required at this time.

22.     Defendant admits the allegations of the first sentence of Paragraph 22. Defendant denies knowledge or information sufficient for it to admit or deny the remaining allegations in Paragraph 22.

23.     Defendant denies knowledge or information sufficient for it to admit or deny the allegations in the first and second sentences of Paragraph 23.  Defendant admits the allegations in the third sentence of Paragraph 23. Defendant admits that Burris held the title of CEO of Foundation. Defendant admits where Vox may be served.  Defendant denies knowledge or information sufficient for it to admit or deny the allegations in the fourth sentence of Paragraph 23

24.     Defendant denies knowledge or information sufficient for it to admit or deny the allegations in the first and second sentences of Paragraph 24.

25.     Defendant denies knowledge or information sufficient for it to admit or deny the allegations in the first and second sentences of Paragraph 25, as such information relates to purported conduct that occurred prior to current ownership's involvement with or acquisition of the hospital.

26.     At this time, Defendant denies knowledge or information sufficient for it to admit or deny the allegations in the first and second sentences of Paragraph 26.

DM1\12738241.1

## <u>LEGAL AND REGULATORY BACKGROUND</u>

**I.   THE FALSE CLAIMS ACT**

27.     The allegations contained in Paragraph 27 of the Complaint state legal conclusions to which no response is required and otherwise speak for themselves.

28.     The allegations contained in Paragraph 28 of the Complaint state legal conclusions to which no response is required and otherwise speak for themselves.

29.     The allegations contained in Paragraph 29 of the Complaint state legal conclusions to which no response is required and otherwise speak for themselves.

30.     The allegations contained in Paragraph 30 of the Complaint state legal conclusions to which no response is required and otherwise speak for themselves.

31.     The allegations contained in Paragraph 31 of the Complaint state legal conclusions to which no response is required and otherwise speak for themselves.

**II.   THE ANTI-KICKBACK STATUTE**

32.     The allegations contained in Paragraph 32 of the Complaint state legal conclusions to which no response is required and otherwise speak for themselves.

33.     The allegations contained in Paragraph 33 of the state legal conclusions to which no response is required and otherwise speak for themselves.

34.     The allegations contained in Paragraph 34 of the Complaint state legal conclusions to which no response is required and otherwise speak for themselves.

35.     The allegations contained in Paragraph 35 of the Complaint state legal conclusions to which no response is required and otherwise speak for themselves.

36.     The allegations contained in Paragraph 36 of the Complaint state legal conclusions to which no response is required and otherwise speak for themselves.

DM1\12738241.1

## III.    PATIENT PROTECTION AND AFFORDABLE CARE ACT

37.    The allegations contained in Paragraph 37 of the Complaint state legal conclusions to which no response is required and otherwise speak for themselves.

38.    The allegations contained in Paragraph 38 of the Complaint state legal conclusions to which no response is required and otherwise speak for themselves.

## IV.    THE MEDICARE PROGRAM

39.    The allegations contained in Paragraph 39 of the Complaint state legal conclusions to which no response is required and otherwise speak for themselves.

40.    Defendant admits the allegations in Paragraph 40 of the Complaint.

41.    The allegations contained in Paragraph 41 of the Complaint state legal conclusions to which no response is required and otherwise speak for themselves.

42.    Defendant admits the allegations in Paragraph 42 of the Complaint.

43.    .The allegations contained in Paragraph 43 of the Complaint relate to legal questions to which no responsive pleading is required. Nonetheless, Defendant denies knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 43 of the Complaint at this time.

### A.    Medicare Part A

44.    The allegations contained in Paragraph 44 of the Complaint state legal conclusions to which no response is required and otherwise speak for themselves.

45.    The allegations contained in Paragraph 45 of the Complaint state legal conclusions to which no response is required and otherwise speak for themselves.

46.    Defendant admits the allegations in Paragraph 46 of the Complaint.

47.    The allegations contained in Paragraph 47 of the Complaint state legal conclusions to which no response is required and otherwise speak for themselves.

DM1\12738241.1

48.     The allegations contained in Paragraph 48 of the Complaint state legal conclusions to which no response is required and otherwise speak for themselves.

49.     The allegations contained in the first sentence of Paragraph 49 of the Complaint state legal conclusions to which no response is required and otherwise speak for themselves. Defendant admits the allegations in the second sentence of Paragraph 49.

50.     Defendant admits the allegations in Paragraph 50 of the Complaint.

51.     Defendant admits the allegations in Paragraph 51 of the Complaint.

52.     The allegations contained in the first and second sentences of Paragraph 52 of the Complaint state legal conclusions to which no response is required and otherwise speak for themselves. Defendant denies knowledge or information sufficient to admit or deny the allegations in the third sentence of Paragraph 52.

53.     The allegations contained in the first and second sentences of Paragraph 53 of the Complaint state legal conclusions to which no response is required and otherwise speak for themselves. Defendant denies knowledge or information sufficient to admit or deny the allegations in the third sentence of Paragraph 53.

**B.     Medicare Part B**

54.     Defendant admits the allegations in Paragraph 54 of the Complaint.

55.     The allegations contained in Paragraph 55 of the Complaint state legal conclusions to which no response is required and otherwise speak for themselves.

56.     The allegations contained in Paragraph 56 of the Complaint state legal conclusions to which no response is required and otherwise speak for themselves.

57.     The allegations contained in Paragraph 57 of the Complaint state legal conclusions to which no response is required and otherwise speak for themselves.

DM1\12738241.1

58.     The allegations contained in Paragraph 58 of the Complaint state legal conclusions to which no response is required and otherwise speak for themselves.

59.     The allegations contained in Paragraph 59 of the Complaint state legal conclusions to which no response is required and otherwise speak for themselves.

60.     The allegations contained in Paragraph 60 of the Complaint state legal conclusions to which no response is required and otherwise speak for themselves.

61.     The allegations contained in Paragraph 61 of the Complaint state legal conclusions to which no response is required and otherwise speak for themselves.

62.     The allegations contained in Paragraph 62 of the Complaint state legal conclusions to which no response is required and otherwise speak for themselves.

63.     The allegations contained in Paragraph 63 of the Complaint state legal conclusions to which no response is required and otherwise speak for themselves.

64.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 64.

65.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 65.

**C.     Medicare Part C**

66.     Defendant admits the allegations in Paragraph 66 of the Complaint.

67.     The allegations contained in Paragraph 67 of the Complaint state legal conclusions to which no response is required and otherwise speak for themselves.

68.     The allegations contained in Paragraph 68 of the Complaint state legal conclusions to which no response is required and otherwise speak for themselves.

DM1\12738241.1

### D.      Provider-based status

69.      The allegations contained in Paragraph 69 of the Complaint state legal conclusions to which no response is required and otherwise speak for themselves.

70.      The allegations contained in Paragraph 70 of the Complaint state legal conclusions to which no response is required and otherwise speak for themselves.

71.      The allegations contained in Paragraph 71 of the Complaint state legal conclusions to which no response is required and otherwise speak for themselves.

72.      The allegations contained in Paragraph 72 of the Complaint state legal conclusions to which no response is required and otherwise speak for themselves.

73.      The allegations contained in Paragraph 73 of the Complaint state legal conclusions to which no response is required and otherwise speak for themselves.

## V.      TEXAS MEDICAID PROGRAM

74.      The allegations contained in Paragraph 74 of the Complaint state legal conclusions to which no response is required and otherwise speak for themselves.

75.      The allegations contained in Paragraph 75 of the Complaint state legal conclusions to which no response is required and otherwise speak for themselves.

76.      Defendant admits the allegations contained in Paragraph 76 of the Complaint.

77.      Defendant admits the allegations contained in Paragraph 77 of the Complaint.

78.      The allegations contained in Paragraph 78 of the Complaint state legal conclusions to which no response is required and otherwise speak for themselves.

79.      The allegations contained in Paragraph 79 of the Complaint state legal conclusions to which no response is required and otherwise speak for themselves.

80.      The allegations contained in Paragraph 80 of the Complaint state legal conclusions to which no response is required and otherwise speak for themselves.

DM1\12738241.1

81.     The allegations contained in Paragraph 81 of the Complaint state legal conclusions to which no response is required and otherwise speak for themselves.

82.     The allegations contained in Paragraph 82 of the Complaint state legal conclusions to which no response is required and otherwise speak for themselves.

83.     The allegations contained in Paragraph 83 of the Complaint state legal conclusions to which no response is required and otherwise speak for themselves.

84.     Defendant denies knowledge or information sufficient to allow it to admit or deny the allegations in Paragraph 84 of the Complaint.

## VI.     THE TRICARE PROGRAM

85.     The allegations contained in Paragraph 85 of the Complaint state legal conclusions to which no response is required and otherwise speak for themselves.

86.     The allegations contained in Paragraph 86 of the Complaint state legal conclusions to which no response is required and otherwise speak for themselves.

87.     The allegations contained in Paragraph 87 of the Complaint state legal conclusions to which no response is required and otherwise speak for themselves.

88.     The allegations contained in Paragraph 88 of the Complaint state legal conclusions to which no response is required and otherwise speak for themselves.

89.     The allegations contained in Paragraph 89 of the Complaint state legal conclusions to which no response is required and otherwise speak for themselves.

90.     The allegations contained in Paragraph 90 of the Complaint state legal conclusions to which no response is required and otherwise speak for themselves.

91.     The allegations contained in Paragraph 91 of the Complaint state legal conclusions to which no response is required and otherwise speak for themselves.

DM1\12738241.1

92.     The allegations contained in Paragraph 92 of the Complaint state legal conclusions to which no response is required and otherwise speak for themselves.

93.     Defendant denies knowledge or information sufficient to allow it to admit or deny the allegations in Paragraph 93 of the Complaint.

**VII.   FEHBP**

94.     The allegations contained in Paragraph 94 of the Complaint state legal conclusions to which no response is required and otherwise speak for themselves.

## FACTS

95.     Defendant admits the allegations in Paragraph 95 of the Complaint but denies that current ownership of the hospital does business as Foundation.

96.     Defendant admits that it advertises outpatient and inpatient services as well as other ancillary treatments.  Defendant further states that it lacks knowledge or information sufficient to admit or deny the remaining allegations, as such allegations relate to purported conduct that allegedly occurred prior to the current owner's involvement or acquisition of the hospital. Defendant denies doing business as Foundation as of the date of this answer.

97.     Defendant states that it lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 97, as such allegations relate to purported conduct that allegedly occurred prior to the current owner's involvement or acquisition of the hospital.  Defendant denies doing business as Foundation as of the date of this answer.

98.     Defendant denies the allegations in Paragraph 98 of the Complaint.

99.     Defendant states that it lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 99.

100.     Defendant admits that prior management of the hospital entered into an agreement with Desert Imaging and further states that such agreement speaks for itself and refers to that

agreement for its contents.  Defendant denies doing business as Foundation as of the date of this answer.

101.    Defendant states that it lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 101, as such allegations relate to purported conduct that allegedly occurred prior to the current owner's involvement or acquisition of the hospital.  Defendant denies doing business as Foundation as of the date of this answer.

102.    Defendant does not presently have a copy of the Agreement referenced in the first sentence of Paragraph 102 of the Complaint. As such, Defendant is without sufficient information to form a belief as to the truth of the allegations in Paragraph 102 of the Complaint, and therefore denies them.

103.    Defendant states that the terms and conditions of the agreement speak for themselves and references the agreement for such content.  Defendant denies doing business as Foundation as of the date of this answer.

104.    Defendant states that the terms and conditions of the agreement speak for themselves and references the agreement for such content.  Defendant denies doing business as Foundation as of the date of this answer.

105.    Defendant states that the terms and conditions of the agreement speak for themselves and references the agreement for such content.  Defendant denies doing business as Foundation as of the date of this answer.

106.    Defendant states that the terms and conditions of the agreement speak for themselves and references the agreement for such content.  Defendant denies doing business as Foundation as of the date of this answer.

DM1\12738241.1

107.    Defendant states that the terms and conditions of the agreement speak for themselves and references the agreement for such content.  Defendant denies doing business as Foundation as of the date of this answer.

108.    Defendant states that the terms and conditions of the agreement speak for themselves and references the agreement for such content.  Defendant denies doing business as Foundation as of the date of this answer.  Defendant further states that the allegations in Paragraph 108 state legal conclusions to which no response is required and otherwise speak for themselves.

109.    Defendant states that it lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 109, as such allegations relate to purported conduct that allegedly occurred prior to the current owner's involvement or acquisition of the hospital.  Defendant states that the contents of the EOBs speak for themselves and references the EOBs for such content. Defendant denies doing business as Foundation as of the date of this answer.

110.    Defendant states that the terms and conditions of the agreement speak for themselves and references the agreement for such content.  Defendant denies doing business as Foundation as of the date of this answer.

111.    Defendant states that the terms and conditions of the agreement speak for themselves and references the agreement for such content in response to the first sentence of Paragraph 111.  Defendant states that it lacks knowledge or information sufficient to admit or deny the allegations in the second sentence of Paragraph 111, as such allegations relate to purported conduct that allegedly occurred prior to the current owner's involvement or acquisition of the hospital.  Defendant admits the allegations in the third sentence of Paragraph 111 and further notes that such contract was entered into by prior management and before the current owner's

involvement with or acquisition of the hospital.  Defendant denies doing business as Foundation as of the date of this answer.

112.    The allegations contained in the first and third sentences in Paragraph 112 of the Complaint state legal conclusions to which no response is required and otherwise speak for themselves.  At this time, Defendant states that it lacks knowledge or information sufficient to admit or deny the allegations in the second sentence of Paragraph 112, as such allegations relate to purported conduct that allegedly occurred prior to the current owner's involvement or acquisition of the hospital.

113.    At this time, Defendant states that it lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 113 of the Complaint, as such allegations relate to purported conduct that allegedly occurred prior to the current owner's involvement or acquisition of the hospital.

114.    At this time, Defendant states that it lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 114 of the Complaint, as such allegations relate to purported conduct that allegedly occurred prior to the current owner's involvement or acquisition of the hospital.

115.    At this time, Defendant states that it lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 115 of the Complaint, as such allegations relate to purported conduct that allegedly occurred prior to the current owner's involvement or acquisition of the hospital.

116.    At this time, Defendant states that it lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 116 of the Complaint, as such allegations relate to

DM1\12738241.1

purported conduct that allegedly occurred prior to the current owner's involvement or acquisition of the hospital.

117.    At this time, Defendant states that it lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 117 of the Complaint, as such allegations relate to purported conduct that allegedly occurred prior to the current owner's involvement or acquisition of the hospital.

118.    At this time, Defendant states that it lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 118 of the Complaint, as such allegations relate to purported conduct that allegedly occurred prior to the current owner's involvement or acquisition of the hospital.

119.    At this time, Defendant states that it lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 119 of the Complaint, as such allegations relate to purported conduct that allegedly occurred prior to the current owner's involvement or acquisition of the hospital.  Defendant further states that the consent forms speak for themselves and refers to such documents for their content.

120.    At this time, Defendant states that it lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 120 of the Complaint, as such allegations relate to purported conduct that allegedly occurred prior to the current owner's involvement or acquisition of the hospital.

121.    At this time, Defendant states that it lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 121 of the Complaint, as such allegations relate to purported conduct that allegedly occurred prior to the current owner's involvement or acquisition of the hospital..

DM1\12738241.1

122.    At this time, Defendant states that it lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 122 of the Complaint, as such allegations relate to purported conduct that allegedly occurred prior to the current owner's involvement or acquisition of the hospital.

123.    At this time, Defendant states that it lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 123 of the Complaint, as such allegations relate to purported conduct that allegedly occurred prior to the current owner's involvement or acquisition of the hospital.

124.    At this time, Defendant states that it lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 124 of the Complaint, as such allegations relate to purported conduct that allegedly occurred prior to the current owner's involvement or acquisition of the hospital.

125.    Defendant states that the first and second sentences of Paragraph 125 state legal conclusions to which no response is required.   At this time, Defendant states that it lacks knowledge or information sufficient to admit or deny the allegations in the last sentence of Paragraph 125 of the Complaint, as such allegations relate to purported conduct that allegedly occurred prior to the current owner's involvement or acquisition of the hospital, and current owners have no knowledge of the intent of the prior owners or prior management.

126.    Defendant states that the agreement speaks for itself and refers to the contract for its terms and conditions.

127.    At this time, Defendant states that it lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 127 of the Complaint, as such allegations relate to

DM1\12738241.1

purported conduct that allegedly occurred prior to the current owner's involvement or acquisition of the hospital.

128.    At this time, Defendant states that it lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 128 of the Complaint, as such allegations relate to purported conduct that allegedly occurred prior to the current owner's involvement or acquisition of the hospital.

129.    At this time, Defendant states that it lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 129 of the Complaint, as such allegations relate to purported conduct that allegedly occurred prior to the current owner's involvement or acquisition of the hospital.

130.    At this time, Defendant states that it lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 130 of the Complaint, as such allegations relate to purported conduct that allegedly occurred prior to the current owner's involvement or acquisition of the hospital.

131.    At this time, Defendant states that it lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 131 of the Complaint, as such allegations relate to purported conduct that allegedly occurred prior to the current owner's involvement or acquisition of the hospital.

132.    At this time, Defendant states that it lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 132 of the Complaint, as such allegations relate to purported conduct that allegedly occurred prior to the current owner's involvement or acquisition of the hospital; however, Defendant admits that Desert Imaging commenced a legal action against the hospital.

DM1\12738241.1

133.     At this time, Defendant states that it lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 133 of the Complaint, as such allegations relate to purported conduct that allegedly occurred prior to the current owner's involvement or acquisition of the hospital.

134.     At this time, Defendant states that it lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 134 of the Complaint, as such allegations relate to purported conduct that allegedly occurred prior to the current owner's involvement or acquisition of the hospital.

135.     Defendant admits that the civil dispute was resolved through the entry of an agreed arbitration award as alleged in the first sentence of Paragraph 135.  At this time, Defendant states that it lacks knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 135 of the Complaint, as such allegations relate to purported conduct that allegedly occurred prior to the current owner's acquisition of the hospital

136.     At this time, Defendant states that it lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 136 of the Complaint, as such allegations relate to purported conduct that allegedly occurred prior to the current owner's involvement or acquisition of the hospital.

137.     At this time, Defendant states that it lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 137 of the Complaint, as such allegations relate to purported conduct that allegedly occurred prior to the current owner's involvement or acquisition of the hospital.

138.     Defendant states that Paragraph 138 of the Complaint states a legal conclusion to which no response is required.

DM1\12738241.1

139.     Defendant states that Paragraph 139 of the Complaint states a legal conclusion to which no response is required.

## COUNT I
### False Claims Act, 31 U.S.C. § 3729(a)(1)(A)
### Presenting or Causing False Claims to be Presented for Payment

140.     Defendant incorporates the preceding paragraphs above as its response to the allegations in Paragraph 140.

141.     The allegations contained in Paragraph 141 of the Complaint state legal conclusions to which no response is required. At this time, Defendant states that it lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 141 of the Complaint, as such allegations relate to purported conduct that allegedly occurred prior to the current owner's involvement or acquisition of the hospital, as Defendant currently has no knowledge of the intent or mindset of all "Defendants" including prior management and prior hospital ownership.  Defendant denies the allegations in Paragraph 141 as to its current ownership and further denies that its current ownership was involved in the knowing submission of any false claim.

142.     The allegations contained in Paragraph 142 of the Complaint state legal conclusions to which no response is required. At this time, Defendant states that it lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 142 of the Complaint, as such allegations relate to purported conduct that allegedly occurred prior to the current owner's involvement or acquisition of the hospital, as Defendant currently has no knowledge of the intent or mindset of all "Defendants" including prior management and prior hospital ownership.  Defendant denies the allegations in Paragraph 142 as to its current ownership and further denies that its current ownership was involved in the knowing submission of any false claim.

DM1\12738241.1

143.    The allegations contained in Paragraph 143 of the Complaint state legal conclusions to which no response is required.

**COUNT II**
**False Claims Act 31 U.S.C. § 3729(a)(1)(B)**
**Making or Using False Records or Statements**

144.    Defendant incorporates the preceding paragraphs above as its response to the allegations in Paragraph 144.

145.    The allegations contained in Paragraph 145 of the Complaint state legal conclusions to which no response is required. At this time, Defendant states that it lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 145 of the Complaint, as such allegations relate to purported conduct that allegedly occurred prior to the current owner's involvement or acquisition of the hospital, as Defendant currently has no knowledge of the intent or mindset of all "Defendants" including prior management and prior hospital ownership. Defendant denies the allegations in Paragraph 145 as to its current ownership and further denies that its current ownership was involved in the knowing submission of any false claim or false records and/or statements.

146.    The allegations contained in Paragraph 146 of the Complaint state legal conclusions to which no response is required. At this time, Defendant states that it lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 146 of the Complaint, as such allegations relate to purported conduct that allegedly occurred prior to the current owner's involvement or acquisition of the hospital, as Defendant currently has no knowledge of the intent or mindset of all "Defendants" including prior management and prior hospital ownership. Defendant denies the allegations in Paragraph 146 as to its current ownership and further denies that its current ownership was involved in the knowing submission of any false claim or false records and/or statements.

DM1\12738241.1

147.   The allegations contained in Paragraph 147 of the Complaint state legal conclusions to which no response is required.

### COUNT III
**False Claims Act 31 U.S.C. § 3729(a)(1)(C)**
**Conspiracy to Submit False Claims**

148.   Defendant incorporates the preceding paragraphs above as its response to the allegations in Paragraph 148.

149.   The allegations contained in Paragraph 149 of the Complaint state legal conclusions to which no response is required. At this time, Defendant states that it lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 149 of the Complaint, as such allegations relate to purported conduct that allegedly occurred prior to the current owner's involvement or acquisition of the hospital, as Defendant currently has no knowledge of the intent or mindset of all "Defendants" including prior management and prior hospital ownership. Defendant denies the allegations in Paragraph 149 as to its current ownership and further denies that its current ownership was involved in the conspiring to submit false claims or to make false statements to get false claims paid.

150.   The allegations in Paragraph 150 state legal conclusions to which no response is required.  Nonetheless, Defendant denies the allegations in Paragraph 150 as to its current ownership and further denies that its current ownership was involved in the conspiring to submit false claims or to make false statements to get false claims paid.

### COUNT IV
**False Claims Act:  Avoiding an Obligation to Refund**
**31 U.S.C. § 3729(a)(1)(G)**

151.   Defendant incorporates the preceding paragraphs above as its response to the allegations in Paragraph 151.

DM1\12738241.1

152.    The allegations contained in Paragraph 152 of the Complaint state legal conclusions to which no response is required. At this time, Defendant states that it lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 152 of the Complaint, as such allegations relate to purported conduct that allegedly occurred prior to the current owner's involvement or acquisition of the hospital, as Defendant currently has no knowledge of the intent or mindset of all "Defendants" including prior management and prior hospital ownership.  Defendant denies the allegations in Paragraph 152 as to its current ownership and further denies that its current ownership was involved in the conspiring to submit false claims or to make false statements to get false claims paid.

153.    The allegations in Paragraph 150 state legal conclusions to which no response is required.

**COUNT V**
**Unjust Enrichment**

154.    Defendant incorporates the preceding paragraphs above as its response to the allegations in Paragraph 154.

155.    The allegations contained in Paragraph 155 of the Complaint state legal conclusions to which no response is required. Nonetheless, Defendant denies the allegations in Paragraph 155 as to its current ownership and further denies that its current ownership was unjustly enriched based on purported conduct that allegedly occurred before the current ownership's involvement with or acquisition of the hospital.

156.    The allegations contained in Paragraph 156 of the Complaint state legal conclusions to which no response is required. Nonetheless, Defendant denies the allegations in Paragraph 156 as to its current ownership and further denies that its current ownership was

unjustly enriched based on purported conduct that allegedly occurred before the current ownership's involvement with or acquisition of the hospital.

**COUNT VI**
**Payment by Mistake**

157.    Defendant incorporates the preceding paragraphs above as its response to the allegations in Paragraph 157.

158.    The allegations contained in Paragraph 158 of the Complaint state legal conclusions to which no response is required.

159.    Defendant states that it lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 159 of the Complaint, as Defendant has no facts relating to the United States' understanding.

160.    Defendant states that it lacks knowledge or information sufficient to admit or deny the allegations in the first sentence of Paragraph 160 of the Complaint.  The allegations contained in the second sentence of Paragraph 160 of the Complaint state legal conclusions to which no response is required.

**PLAINTIFFS' PRAYER**

Defendant East El Paso Physicians Medical Center, LLC prays that Plaintiffs take nothing by this suit, that Defendant goes hence with its costs without delay, and for such other and further relief, both general and special, at law and in equity to which Defendant may show itself justly entitled.

**DEFENSES AND AFFIRMATIVE DEFENSES**

Without conceding that Defendant has the burden of proof for any of the following, Defendant submits these defenses and affirmative defenses:

1.    The Complaint fails to state a claim for which relief can be granted.

24

DM1\12738241.1

2.      Defendant asserts the exception set forth in 42 C.F.R. § 413.65(j)(2), which provides an exception for good faith payment.

3.      Defendant asserts that one or more exceptions to the Anti-Kickback Statute, 42 C.F.R. § 1001.952 *et seq*, preclude recovery for violations of the False Claims Act based upon a violation of the AKS, including, without limitation, 42 C.F.R. § 1001.952(d) and (i).

4.      The United States has failed to adequately plead and cannot prove that Defendant had any knowledge of the falsity of any of the claims purportedly at issue.

5.      The United States has failed to adequately plead and cannot prove falsity.

6.      The United States has failed to adequately plead and cannot prove materiality.

7.      Plaintiff's claims are barred because Defendants have never submitted a false claim within the meaning of the False Claims Act.

8.      Plaintiff's claims are barred in whole or in part by offset and/or payment.

9.      Based upon information and belief, and subject to discovery of facts in support of this defense before trial, Defendant contends that the facts discovered will show that the circumstances surrounding any alleged regulatory violation by Defenant would not, and in fact did not, affect the United States' or the State of Texas' payment decision even if known to the United States or State of Texas, constituting a ratification and/or waiver of any alleged wrongdoing.

10.     Based upon information and belief, Defendant contends that the facts discovered will show that the United States and the State of Texas failed to take reasonable steps to mitigate any potential damages they respectively claim in the Complaint,

25

as the government does have a duty to mitigate damages with respect to a claim for payment by mistake.

11.    Plaintiff's claims are prohibited by the public disclosure bar set forth in 31 U.S.C. § 3730(e)(4).

Defendants reserve the right to present additional defenses or counterclaims as this matter proceeds.

Respectfully submitted,

**DUANE MORRIS LLP**

By: */s/Lucas C. Wohlford*
        Lucas C. Wohlford
        SBN: 24070871
        LWohlford@duanemorris.com
        100 Crescent Court, Suite 1200
        Dallas, Texas 75201
        (214) 257-7200 Telephone
        (214) 257-7201 Facsimile

ATTORNEYS FOR DEFENDANT EAST EL PASO PHYSICIAN'S MEDICAL CENTER, LLC

## CERTIFICATE OF SERVICE

This is to certify that on the 7th day of January 2022, a true and correct copy of the foregoing has been forwarded to all counsel of record, via the Court's CM/ECF System in accordance with the Federal Rules of Civil Procedure.

*/s/ Lucas C. Wohlford*
Lucas C. Wohlford

DM1\12738241.1